Contracts; damages; measwre of damages; legal fees.— Plaintiff sues to recover the expense incurred in prosecuting an appeal to the Armed Services Board of Contract Appeals, which expense plaintiff contends should have been included in the equitable adjustment. The expenses included attorneys fees, travel, and compensation for expert witnesses. The parties have filed cross-motions for summary judgment, defendant contending that the cost of preparing and presenting a claim to obtain contract relief administratively is not recoverable by the contractor in the Court of Claims. Upon consideration of the motions and without oral argument, the court concluded on the basis of Ramsey v. United States, 121 Ct. Cl. 426, 101 F. Supp. 353 (1951); Marshall v. United States, 143 Ct. Cl. 51, 164 F. Supp. 221 (1958); and Oliver-Finnie Co. v. United States, 150 Ct. Cl. 189, 279 F. 2d 498 (1960); (see also Appeal of Adrian L. Robinson, ASBCA No. 6248, 61-1 BCA ¶ 2857, p. 14,918 (Nov. 12,1960); Appeal of Floors, Inc., ASBCA No. 5469, 61 BCA ¶ 2856, p. 14, 906 (Nov. 2, 1960); Appeal of Remler Co., Ltd., ASBCA No. *1271 5354, 59-1 BOA ¶ 2264, p. 10, 076 (June 30,1959); Appeal of Lake Union Drydock Co., ASBCA No. 3073, 59-1 BCA ¶ 2229, p. 9792 (June 8, 1959), that plaintiff is not entitled to recover. On January 17, 1966, the court ordered that defendant’s motion for summary judgment be granted and the petition was dismissed.